## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MARLOWE E. PARKER, JR.**                                    **CIVIL ACTION**

**VERSUS**                                                                **NO. 23-6838**

**DOCTOR GORE, ET AL.**                                        **SECTION "D"(4)**

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 10) filed by defendants Dr. Samuel Gore and Dr. Jose Ham seeking dismissal of plaintiff Marlowe E. Parker, Jr.'s claims of medical indifference asserted in his *pro se* and *in forma pauperis* 42 U.S.C. § 1983 complaint.  The motion and underlying matter were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2).  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.    **Background**

A.    **The Complaint**

Parker was a convicted inmate housed in the St. Tammany Parish Jail ("STPJ") at the time of the filing of this complaint, in which he named Dr. Gore, Dr. Ham, and St. Tammany Parish Jail Doctors as defendants.  ECF No. 3, ¶III(A), at 3.  He was later transferred to the Caldwell Correctional Center in Grayson, Louisiana where he remains housed.  ECF No. 9.  Parker alleges that while a pretrial detainee at the STPJ, his jaw was broken in an attack by another inmate.  *Id*., ¶IV, at 4.  He states that he was taken to University Hospital where he underwent surgery.  He

further alleges that on his release to return to jail, the hospital doctor prescribed Tramadol[1] for pain. He claims that Dr. Gore and Dr. Ham refused to give him the Tramadol because it was not a medication prescribed at the jail. Plaintiff claims, however, that he was denied the medication because he is black and that it was given to white inmates.

Attached to his complaint are inmate grievance records from STPJ in which Parker complained that he was denied Tramadol prescribed by the surgeon twice because of discrimination, indicating that two white inmates with broken bones were given Tramadol. ECF No. 3-1, at 1. In the response to the grievance, Dr. Ham outlined Parker's visit with a nurse at the jail on September 12, 2023 and a follow-up visit on October 3, 2023 at the hospital oral/maxiofacial surgery clinic at which time another follow up examination was recommended. *Id*. at 2. With regard to the medication, Dr. Ham indicated that Parker was receiving duloxetine (or Cymbalta),[2] which is FDA approved for the treatment of musculoskeletal and neuropathic pain, and that acetaminophen was added to his regimen after his last clinic appointment at the jail. Dr. Ham also noted that Parker had not submitted a complaint about pain since July of 2023, even after his acetaminophen prescription expired. It appears that Parker appealed Dr. Ham's response on October 27, 2023. *Id*. at 3.

As relief, Parker wants the defendants "dealt with" and to be compensated for his suffering, pain, and mental stress because of their discrimination. ECF No. 3, ¶V, at 5.

### B.  <u>Defendant's Rule 12(b)(6) Motion to Dismiss (ECF No. 10)</u>

In their motion, Dr. Gore and Dr. Ham seek dismissal of Parker's claims against them and assert that Parker merely disagrees with the treatment and medication provided to him. ECF No.

---

[1] Tramadol is a synthetic opioid pain medication used to treat moderate to severe pain that is not being relieved by other types of pain medicines. https://medlineplus.gov/druginfo/meds/a695011.html.
[2] Duloxetine or Cymbalta is a serotonin inhibitor used to treat ongoing bone pain, muscle pain, or osteoarthritis. https://medlineplus.gov/druginfo/meds/a604030.html.

10.  They argue that he is receiving a medication appropriate for the type of pain associated with his injury.  In addition, the doctors argue that Parker has failed to allege more than a *de minimis* injury since he was not denied, and instead was given, a medication for his pain for legitimate medical reasons as outlined in Dr. Ham's response to the grievance complaint.

## II.    Standards of Review

### A.    Statutory Frivolousness Review

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993)  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28).  Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly

baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### B.    Motions Under Fed. R. Civ. P. 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint if it fails to state a claim upon which relief may be granted. To survive a motion to dismiss, the plaintiff must plead in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Moreover, "'[f]actual allegations must be enough to raise a right to relief above the speculative level,'" and "[t]he plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Guidry*, 512 F.3d 177, 180 (5th Cir. 2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

To determine whether a complaint states a claim that is plausible on its face, the Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, as stated above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570).  For a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged.  *See Id*.

The United States Fifth Circuit Court of Appeals has held that when reviewing *pro se* complaints, the court must employ less stringent standards while still guided by the *Iqbal* pleading requirements.  *High v. Karbhari*, 774 F. App'x 180, 182 (5th Cir. 2019).  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  In *Taylor v. Gibson*, the Court further explained this standard in the prisoner context:

> It is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated.  An opportunity should be provided [to] the prisoner to develop his case at least to the point where any merit it contains is brought to light.

529 F.2d 709, 713-14 (5th Cir. 1976).  Because of this, a district court should ordinarily give the *pro se* litigant an opportunity to amend before dismissing a prisoner complaint under Rule 12(b)(6).  *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *accord Bruce v. Little*, 568 F. App'x 283, 285 (5th Cir. 2014).

## III.    Analysis

### A.    Frivolousness Review

#### 1.    *Claims Against "St. Tammany Parish Jail Doctors"*

Parker named "St. Tammany Parish Jail Doctors" as a defendant in the caption of his complaint.  ECF No. 3, at 1.  The medical department and its staff as a group are not suable entities under § 1983.  "[A] prison or jail or its administrative departments are not entities that can be sued

under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. June 9, 2008) (citations omitted).[3]  Instead, a § 1983 action must be filed against an actual identified person, not a department or general staff group at the jail.  *See Carter v. Strain*, No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009) (citing *August v. Gusman*, No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v. Valdez*, No. 06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); *Banks v. United States*, No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007)); *Allen v. Gusman*, No. 05-1633, 2006 WL 286007, at *3 n.8 (E.D. La. Feb. 2, 2006) ("Medical Staff" is not a juridical entity capable of being sued; the specific medical personnel must be named).

Accordingly, Parker's claims against the St. Tammany Parish Jail Doctors should be dismissed pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

### 2.    *Claims Against Dr. Gore and Dr. Ham*

#### a.    **Medical Indifference - Fourteenth Amendment Due Process**

At first glance, Parker alleges medical indifference by Dr. Gore and Dr. Ham because they prescribed him a different pain medication, Duloxetine or Cymbalta, and denied him the pain medication, Tramadol, prescribed by the oral surgeon for Parker's post-surgery jaw pain.

---

[3] *See*, *Smith v. Lafourche Parish*, No. 21-1714, 2021 WL 4975698, at *2 (E.D. La. Sep. 30, 2021) ("discrete departments of prison facilities are simply not considered to be 'persons' under § 1983."), *report and recommendation adopted by* 2021 WL 4972374, at *1 (E.D. La. Oct. 26, 2021); *Brewin v. St. Tammany Par. Corr. Ctr.*, No. 08-0639 2009 WL 1491179, at *2 (W.D. La. May 26, 2009) (§ 1983 action against the prison medical department dismissed because the department is not an independent entity capable of being a party to a lawsuit); *Jiles v. Orleans Par. Prison Med. Clinic*, No. 09-8426, 2010 WL 3584059, at *2 (E.D. La. Sept. 7, 2010) ("[a] jail's medical department simply is not a juridical entity capable of being sued"); *see also*, *Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. May 8, 1998) ("A parish jail is not [a suable] entity, but a building").

Inadequate medical care for purposes of a § 1983 claim occurs only when the conduct amounts to "deliberate indifference to [the prisoner's] serious medical needs" that "constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 104. As applied to pretrial detainees like plaintiff, "[t]he Fourteenth Amendment requires that state officials not disregard the 'basic human needs' of pretrial detainees, including medical care." *Reed v. Krajca (Estate of Henson)*, 440 F. App'x 341, 343 (5th Cir. 2011).

Under this deliberate indifference standard, a prison official is not liable unless the official knows of and disregards an excessive risk to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Deliberate indifference is manifested in the providers intentional denial of medical care or intentional interference with the treatment once prescribed. *Farmer*, 511 U.S. at 847. To state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference that can offend "evolving standards of decency." *Id*. Thus, mere disagreement with medical treatment is insufficient to state a claim of deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). The Fifth Circuit has repeatedly noted that deliberate indifference is an extremely high standard to meet. *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Applying these basic due process standards, Parker does not allege that he has been denied medical care or treatment for his pain. Instead, he clearly disagrees with the choice of medication given to him by prison doctors instead of the medication prescribed by the surgeon. This type of disagreement is not enough to state a non-frivolous claim of medical indifference under the foregoing standards. Any such claim against Dr. Gore and Dr. Ham should be dismissed pursuant

to 28 U.S.C. § 1915 and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

    **b.**   **Medication Denied for Discriminatory Reasons – Fourteenth Amendment Equal Protection**

  Broadly construing the *pro se* complaint, Parker has alleged more than medical indifference.  He has also alleged that he, as a black man, was denied Tramadol, the prescription pain medication twice ordered by his surgeon, based on race discrimination by Drs. Gore and Ham, who allowed white inmates to have Tramadol for their broken bone pain.  The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *Duarte v. City of Lewisville, Tex.*, 858 F.3d 348, 353 (5th Cir. 2017) (internal quotation marks and citations omitted); *see Wood v. Collier*, 836 F.3d 534, 538 (5th Cir. 2016).  To establish an Equal Protection Clause violation, a plaintiff must prove "purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017) (internal quotation marks and citation omitted); *Baranowski v. Hart*, 486 F.3d 112, 123 (5th Cir. 2007).

  A claim like that brought by plaintiff, or a "class of one claim," alleges differing treatment that is not based on membership in a suspect class or on the infringement of a fundamental right. *See Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 594 (2008); *Wood*, 836 F.3d at 539.  "'[I]f the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action - even if irrational -does not deny them equal protection of the laws.'" *Little v. Texas Attorney General*, No. 14-CV-3089, 2015 WL 5613321 at *6 (N.D. Tex. Sep. 24, 2015) (quoting *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997)).  Thus, to state a claim, the plaintiff must allege that "(1) he or she was intentionally treated differently from

others similarly situated and (2) there was no rational basis for the difference in treatment." *Id.* (internal quotation marks and citation omitted).   A plaintiff must show "that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." *Shipp v. McMahon*, 234 F.3d 907, 916 (5th Cir. 2000), *overruled on other grounds by McClendon v. City of Columbia*, 305 F.3d 314, 328-29 (5th Cir. 2002).

In this case, under a broad reading, Parker claims that he, as a "class of one," was discriminated against or denied equal protection when he was treated differently by the doctors than the two white inmates, whom he claims were given Tramadol for their pain.   However, his claims are conclusory and based solely on his personal, subjective belief that he was treated differently than another inmate.   This broad conclusion is insufficient to state a non-frivolous claim of discrimination.   *See Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990) (vague and conclusory allegations that equal protection rights have been violated are insufficient to raise an equal protection claim).   Parker provides no specific facts regarding the medical state of the other inmates, or even which bones they broke.   He also does not allege how the other inmates were similarly situated to him as to pain levels and their needs for certain medications.

Parker simply does not allege more than conclusory assumptions that the doctors acted with a discriminatory intent.   He acknowledges in his pleadings that they did not deny him medication or treatment for his pain.   He also acknowledges that the doctors provided him with a rational basis for giving him the medication he received, which Dr. Ham determined to be an appropriate medication for his level of reported pain and progressive healing.   *Alvarez v. Bergt*, No. 16-CV-39, 2016 WL 11200944, at *6 (E.D. Tex. Aug. 10, 2016) (recognizing that, in order to state a "'class of one' equal protection claim," plaintiff must allege facts "showing any such

differential treatment had no rational basis").  Dr. Ham provided several reasons in his grievance response, including the appropriateness of the medication for Parker's particular medical status, as to why he was given the medication he was given and not Tramadol, an opioid medication, that perhaps was appropriate for the other inmates.

Parker alleges no specific facts to suggest that Dr. Gore or Dr. Ham acted with a discriminatory purpose towards him or that any differential medical treatment between plaintiff and the other inmates otherwise had no rational basis.  His claims are therefore conclusory and fail to state a non-frivolous claim against the defendants.  *See Chapman v. Bee Cnty. Jail Medical Provider*, No. 22-00117, 2022 WL 4486411, at *6 (S. D. Tex. Aug. 23, 2022), *report and recommendation adopted by* 2022 WL 4490177, at *1 (S.D. Tex. Sep. 27, 2022); *Pedraza*, 919 F.2d at 318 n.1.  For these reasons, Parker's discrimination or denial of equal protection claim against Dr. Gore and Dr. Ham should be dismissed pursuant to § 1915 and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

### B.    Defendant's Motion to Dismiss (ECF No. 10)

For the reasons provided in this Report, Parker's § 1983 claims against Dr. Gore and Dr. Ham are frivolous and otherwise fail to state a claim for which relief can be granted under § 1983.  Thus, Defendant's motion, filed before the court could complete its statutory frivolousness review, is rendered moot by the findings and recommendations in this Report.  The motion filed by Dr. Gore and Dr. Ham should be denied without prejudice as moot.

## IV.    __RECOMMENDATION__

It is therefore **RECOMMENDED** that plaintiff Marlowe E. Parker, Jr.'s 42 U.S.C. § 1983 claims against defendants Dr. Samuel Gore, Dr. Jose Ham, and St. Tammany Parish Jail Doctors

be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A, as frivolous and otherwise for failure to state a claim for which relief can be granted.

It is further **RECOMMENDED** the Motion to Dismiss (ECF No. 10) filed by defendants Dr. Gore and Dr. Ham be **DENIED WITHOUT PREJUDICE** as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 2nd day of April, 2024.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.