UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARLOWE E. PARKER, JR.**            **CIVIL ACTION**

**VERSUS**            **NO. 23-6838**

**DOCTOR GORE, ET AL.**            **SECTION D (4)**

**ORDER and REASONS**

The Court, having considered *de novo* the Complaint filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983,[1] the record, including the Motion to Dismiss filed by defendants, Dr. Samuel Gore and Dr. Jose Ham,[2] the applicable law, the Report and Recommendation of the United States Magistrate Judge,[3] and the Objections filed by plaintiff, Marlowe E. Parker, Jr.,[4] hereby overrules the objections for the reasons stated below, approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter. In doing so, the Court notes that it has construed Marlowe Parker's *pro se* pleading liberally.

**I.    PLAINTIFF'S OBJECTIONS**

On December 1, 2023, plaintiff, Marlowe E. Parker, Jr., filed a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, against Dr. Samuel Gore, Dr. Jose Ham, and "St. Tammany Parish Jail Doctors," alleging that while he was a pretrial detainee at the St. Tammany Parish Jail, Dr. Gore and Dr. Ham refused to give him Tramadol, a pain medication that was prescribed to him by a hospital doctor after Plaintiff

---

[1] R. Doc. 3.
[2] R. Doc. 10.
[3] R. Doc. 16.
[4] R. Doc. 17.

suffered a broken jaw at the hands of another inmate.[5] Plaintiff alleges that in doing so, Dr. Gore and Dr. Ham discriminated against him based on his race. According to Plaintiff, Dr. Gore and Dr. Ham told him that they do not prescribe Tramadol, but Plaintiff claims that they give Tramadol to white inmates.[6] Plaintiff requests compensation for his pain and that Dr. Gore and Dr. Ham "be dealt with to the max entirely."[7]

On April 2, 2024, the Magistrate Judge issued a Report and Recommendation to the Court, recommending that Plaintiff's 42 U.S.C. § 1983 claims against Dr. Gore, Dr. Ham, and the St. Tammany Parish Jail Doctors be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e) and § 1915A, as frivolous and otherwise for failure to state a claim for which relief can be granted.[8] The Magistrate Judge further recommended that the Motion to Dismiss, filed by Dr. Gore and Dr. Ham, be denied without prejudice as moot.[9]

Plaintiff timely-filed his objections to the Magistrate Judge's Report and Recommendation.[10] While Plaintiff does not lodge an objection to any specific finding of the Magistrate Judge, he appears to object to the Magistrate Judge's ultimate conclusion that his claims should be dismissed.[11] In his "Opposition to Objection,"[12]

---

[5] R. Doc. 3.
[6] *Id.* at pp. 4-5.
[7] *Id.* at p. 5.
[8] R. Doc. 16.
[9] *Id.*
[10] R. Doc. 17. While the Objections were filed into the record on April 23, 2024, seven days after the April 16, 2024 deadline for filing objections, it appears that Plaintiff mailed his Objections on April 8, 2024. *See,* R. Doc. 17 at p. 5.
[11] R. Doc. 17.
[12] Because Plaintiff is proceeding pro se, the Court construes the pleading liberally as Objections to the Magistrate Judge's Report and Recommendation.

Plaintiff asserts that while Dr. Gore and Dr. Ham claim that they provided Plaintiff with Cymbalta for his pain, Plaintiff was previously prescribed Cymbalta for nerve damage and a chipped bone in his rotator cuff caused by a prior car accident.[13] Plaintiff maintains that Dr. Gore and Dr. Ham discriminated against him by refusing to give him Tramadol that had been prescribed for his broken jaw, and asserts that he was given 500 milligrams of acetaminophen, which did nothing for his pain[14] Plaintiff asserts that he would like to subpoena his grievance file and his list of prescriptions and medical records from St. Tammany Parish Jail, to show at trial that "they" prescribe Tramadol to other inmates at St. Tammany Parish Jail and discriminated against him.[15]

At the outset, the Court notes that the Magistrate Judge's analysis appropriately began with a frivolousness review. Under this review, the Magistrate Judge analyze whether Plaintiff's claims against the St. Tammany Parish Jail doctors lacked an arguable basis either in law or fact. Her determination was that Plaintiff's claim lacked an arguable basis in law since a 42 U.S.C. § 1983 action must be filed against an actual identified person, not a department or general staff group at a jail.[16] Plaintiff does not appear to object to the Magistrate Judge's determination that his claims against the "St. Tammany Parish Jail Doctors" should be dismissed because they are not entities that can be sued under 42 U.S.C. § 1982.[17] This Court agrees

---

[13] R. Doc. 17 at p. 2.
[14] *Id.* at pp. 2-4.
[15] *Id.* at pp. 3-5.
[16] R. Doc. 16 at pp. 5-6.
[17] *Id.*

with the Magistrate Judge's analysis and determination that Plaintiff's claims against the unspecified St. Tammany Parish Jail Doctors must be dismissed under 28 U.S.C. §§ 1915 and 1915A as frivolous and for failure to state a claim for which relief can be granted.

The Magistrate Judge then analyzed whether Plaintiff's claims against Dr. Gore and Dr. Ham lacked an arguable basis either in law or fact. The Magistrate Judge found that Plaintiff's claim that the doctors prescribed a different pain medication than that which had been prescribed by Plaintiff's oral surgeon failed to state a claim of deliberate indifference.[18] To the extent Plaintiff's objections can be construed as objecting to the Magistrate Judge's finding that his claim for the denial of medical treatment or medical indifference should be dismissed as frivolous and for failure to state a claim for which relief can be granted, the Court's review concurs with the Magistrate Judge's analysis of the deliberate indifference standard applicable in this Circuit.[19] As the Magistrate Judge correctly points out, Plaintiff does not allege that he has been denied medical care or treatment for his pain, and instead disagrees with the choice of medication given to him by prison doctors. The Court reaches the same conclusion after conducting its own analysis, namely that this disagreement about choice of medication does not rise to the level of a non-

---

[18] *Id.* at p. 7.
[19] *Id.* at pp. 6-8.

frivolous claim for denial of medical treatment under 42 U.S.C. § 1983,[20] as deliberate indifference "is an extremely high standard to meet."[21]

The Magistrate Judge then determined that Plaintiff's claim of discrimination in violation of the 14th Amendment was insufficient to state a non-frivolous claim of discrimination.[22] To the extent Plaintiff objects to the Magistrate Judge's finding that his discrimination claim against Dr. Gore and Dr. Ham should be dismissed as frivolous and for failure to state a claim for which relief can be granted, Plaintiff has not offered any additional information or evidence to support his conclusory claim of discrimination, which is based solely upon his own subjective belief that he was treated differently than another inmate. Since Plaintiff raises no specific objection to the analysis conducted by the Magistrate Judge, and merely restates the claims made in his Complaint, this Court adopts the reasons set forth in the Report and Recommendation as to this objection, as it is not clearly erroneous.[23]

Finding that Petitioner's objections to the Magistrate Judge's Report and Recommendation are without merit, the Court **OVERRULES** the objections. The Court further finds that Plaintiff does not appear to object to the Magistrate Judge's recommendation that the Defendants' Motion to Dismiss be denied without prejudice as moot. In light of the Court overruling Plaintiff's objections, the Court agrees with

---

[20] *See, Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) ("Varnado's contentions amount to a disagreement with his medical treatment; he only argues that the use of the ramps did not meet his needs and exacerbated his hip problem, contentions that fall short of a constitutional or federal claim.").
[21] *Domino v. Texas Dept. of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001).
[22] R. Doc. 16 at p. 9.
[23] *See,* R. Doc. 16 at pp. 8-10.

the Magistrate Judge that the Motion to Dismiss should be denied without prejudice as moot.

## II. CONCLUSION

**IT IS HEREBY ORDERED** that the Complaint of Marlowe E. Parker, Jr. brought pursuant to 42 U.S.C. § 1983 against defendants, Dr. Samuel Gore, Dr. Jose Ham, and St. Tammany Parish Jail Doctors, is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted.

**IT IS FURTHER ORDERED** that the Motion to Dismiss,[24] filed by Dr. Samuel Gore and Dr. Jose Ham, is **DENIED without prejudice as moot**.

New Orleans, Louisiana, May 14, 2024

_____
**WENDY B. VITTER**
**United States District Judge**

---

[24] R. Doc. 10.